**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4299**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALFREDO Z. APARICIO,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (CR-03-420)

Submitted: July 13, 2005          Decided: September 13, 2005

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Jenkins, Jr., Marcia O. Wright, BYNUM & JENKINS, P.L.L.C., Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, John T. Morton, Assistant United States Attorney, Beth N. Gibson, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Alfredo Z. Aparicio appeals his conviction and sentence for conspiracy to commit identification document fraud in violation of 18 U.S.C. § 1028(f) (2000). Finding no error, we affirm.

Aparicio first claims the district court erred by denying his motion to withdraw his guilty plea. "[T]he district court has discretion to decide whether a 'fair and just reason' exists upon which to grant a withdrawal." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003). The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996).

In determining whether a defendant has shown a "fair and just reason" to withdraw his guilty plea, a court examines the following six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The most important consideration in resolving a motion to withdraw a plea, however, is whether the Rule 11 plea colloquy was properly conducted. Bowman, 348 F.3d at 414. We closely scrutinize the Rule 11 hearing and attach a strong presumption that the plea is

final and binding if the Rule 11 proceeding is adequate.  <u>United States v. Lambey</u>, 974 F.2d 1389, 1394 (4th Cir. 1992).

Aparicio contends that he did not plead guilty knowingly or voluntarily because he lacked faith in his counsel's preparation to go to trial.  The district court conducted a thorough Rule 11 plea colloquy in which Aparicio said he was fully satisfied with the advice and counsel of his attorney.  The district court fully informed him of his rights and Aparicio said he understood that he plead guilty knowingly and voluntarily.

Aparicio also argues that the district court erred when it ruled he did not make a credible assertion of innocence.  During the plea hearing, Aparicio admitted to participating in the conspiracy, gave a detailed description of his role and the people he helped get licenses, and admitted that he knew the people he was helping were not eligible for licenses.  The district court properly conducted its Rule 11 colloquy and Aparicio failed to submit any evidence to counter the strong presumption that Aparicio's plea was final and binding.  The district court did not abuse its discretion in denying Aparicio's motion to withdraw the guilty plea.

Aparicio next claims the district court improperly sentenced him when it enhanced his sentence under <u>U.S. Sentencing Guidelines Manual</u> § 5K2.7 (2004).  The district court enhanced his sentence one offense level by finding that his actions caused

significant disruption of the Department of Motor Vehicle's (DMV) function. Without the enhancement, his sentencing guideline range would have been forty-one to fifty-one months imprisonment. Thus, the sentence Aparicio received, a prison term of forty-six months, did not exceed the sentence authorized by his guilty plea, even if the judicial enhancement is disregarded. Accordingly, Aparicio cannot demonstrate a Sixth Amendment error because he failed to establish that the district court imposed a sentence that exceeded the maximum authorized by the facts that he admitted. <u>United States v. Evans</u>, 416 F.3d 298 (4th Cir. 2005).

To the extent Aparicio also claims the district court erred by sentencing him under the mandatory guidelines, because Aparicio did not object to the application of the sentencing guidelines as mandatory, appellate review is for plain error. <u>United States v. White</u>, 405 F.3d 208, 215 (4th Cir. 2005). To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights. <u>Id.</u> (citing <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993)).

In <u>White</u>, this court determined that imposing a sentence under the guidelines as mandatory was error that was plain. <u>White</u>, 405 F.3d at 217. In determining whether an error affected the defendant's substantial rights, we reasoned that "the error of sentencing a defendant under a mandatory guidelines regime" was not

an error for which prejudice would be presumed.  Id. at 221. Rather, the defendant bears the burden of showing that this error "affected the outcome of the district court proceedings."  Id. at 223.  Aparicio failed to meet this burden because he presented no non-speculative evidence or argument demonstrating that he would have received a lower sentence had the district court appreciated that the guidelines were not mandatory.  Accordingly, the district court's error of sentencing Aparicio under a mandatory guidelines scheme did not affect Aparicio's substantive rights.

Accordingly, we affirm Aparicio's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED